**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CASANDRA BRACY, | ) | Case No. |
| Plaintiff, | ) | |
| vs. | ) | Judge |
| | ) | |
| VILLAGE OF DOLTON ILLINOIS, | ) | Magistrate |
| Defendant. | ) | |
| | ) | JURY DEMAND |

**COMPLAINT FOR VIOLATIONS OF THE**
**THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C §2601 ET SEQ.**

Plaintiff, Casandra Bracy, by and through her attorneys Aaron B. Maduff and Walker R. Lawrence of Maduff & Maduff, LLC, for her complaint against Defendant, allege and states as follows:

**INTRODUCTION**

1.      Plaintiff worked for the Village of Dolton as an assistant personnel director. In December, 2013 Ms. Bracy needed to accompany her seriously ill mother to Alabama to care for her while Ms. Bracy's mother attended to the estate of her Sister (who passed away in Chicago while visiting in December 2013). Ms. Bracy contacted her supervisor Michael Willis and requested FMLA leave to care for her mother. Mr. Willis approved Ms. Bracy's leave. When Ms. Bracy returned from her trip she was informed that she was being terminated for job abandonment for the time she was away from work on qualifying, requested, and approved FMLA leave.

**PARTIES**

2.      Plaintiff, Casandra Bracy (hereinafter "Plaintiff" or "Bracy"), is a citizen of the State of Illinois, residing within the territorial jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

3.      Defendant, Village of Dolton, is a body corporate and politic, a municipality of more than 25,000 residents, which is located in Cook County, Illinois, and operates under the managerial form of government as provided by 65 ILCS Article 5.

## JURISDICTION

4.      Plaintiff brings this action for violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq. (hereinafter "FMLA").  Jurisdiction of this Court is founded upon 28 U.S.C § 1331.

## VENUE

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as, Defendant resides in this District and the facts giving rise to this cause of action occurred in this District.

## EVENTS

**Ms. Bracy's Mother's Serious Medical Condition**

6.      On or about May 20, 2012 Plaintiff Casandra Bracy's Mother, Myrtle Bracy, suffered a severe stroke.

7.      Following the stroke, she was hospitalized for a total of three weeks and continued doing rehab through 2014.

8.      As a result of that stroke, she no longer has full movement in the left side of her body.

9.      Myrtle Bracy's stroke is a serious medical condition as defined by 29 U.S.C. §2611(11).

10.      Plaintiff has been caring for her mother since that time.  In that capacity Ms. Bracy performs a number of activities to assist her mother including, but not limited to:

> a. Bathing her mother;
>
> b. Cooking and preparing meals for her mother;
>
> c. Combing her mother's hair;
>
> d. Ironing, cleaning and maintain her mother's clothes;
>
> e. General house cleaning; and
>
> f. Assisting her mother with doctor's appointments.

11. After her mother suffered her stroke, Ms. Bracy requested and was given FMLA leave for approximately three weeks and then used approved intermittent FMLA leave in 2012 and part of early 2013.

**Ms. Bracy's Approved FMLA in December 2013 and January 2014**

12. In December 2013 Plaintiff Bracy's Aunt, Emella Upshaw was visiting Plaintiff and her mother from Alabama.

13. During that visit, on or about December 29, 2013, Ms. Upshaw died of a cardiac arrest.

14. It then fell upon Myrtle Bracy to take her sister back to Alabama for funeral and internment.

15. Because of her condition, Myrtle Bracy could not make the trip alone and Plaintiff needed to accompany, assist and care for her Mother on her trip to Alabama.

16. The trip was to take place from January 1, 2014 to approximately January 15, 2014.

17. On or about December 30, 2013, Plaintiff notified the Village Manager, Stan Urban that she needed to take FMLA leave to care for her mother. She estimated that it would take a couple of weeks.

18.     During that call, Mr. Urban said that he could not deny her FMLA leave, but that she needed to speak with her immediate supervisor Michael Willis.

19.     On or about December 31, 2013, Ms. Bracy spoke with Mr. Willis and he verbally approved her FMLA leave and that he would email her FMLA related paperwork.

20.     Having been given the verbal approval to take FMLA leave, Ms. Bracy made the appropriate arrangements to accompany her mother and provide her the necessary care she would need while she attended to her late sister's estate.

21.     Plaintiff never received the paperwork promised by Mr. Willis. During her trip, she repeatedly asked Mr. Willis for the paperwork.

22.     On January 1, 2014, Plaintiff and her mother went to Alabama where they arranged and attended her aunt's funeral and internment.

23.     During that trip, Plaintiff was caring for her mother.

24.     During Plaintiff's trip with her mother, she provided periodic updates to Janice Johnson (Accounts Payable Clerk) and Mr. Willis regarding her leave and the expected date of her return.

**Ms. Bracy Returned from her Trip and was Fired by the Village of Dolton**

25.     Ms. Bracy returned from her trip on or about January 15, 2014, ready to return to work.

26.     Upon returning, she realized her email access had been removed. Ms. Bracy immediately called Ms. Johnson who informed her that Mr. Willis had been terminated. She then called Mr. Urban.

27.     During that call, Mr. Urban refused to tell Ms. Bracy if she was terminated, but only that she would be receiving a letter in the mail.

28.     Within a few days, she received a letter advising her that she had been terminated. That letter was dated January 14, 2014.

29.     Upon receiving the letter, Ms. Bracy called Mr. Urban and requested a meeting with Mr. Urban to discuss the letter.

30.     Plaintiff and Mr. Urban met at the end of January and during that meeting Mr. Urban advised Plaintiff that she was being terminated because of unexcused absences from work and unsatisfactory job performance.

31.     Plaintiff reminded Mr. Urban that she was on approved FMLA leave and that her job was protected. Mr. Urban did not respond.

32.     On or about February 3, 2014, the Board of Trustees of the Village of Dolton the "Board") advised and consented to Ms. Bracy's termination as required by Ordinance 13-001 (attached  hereto as Exhibit 1). During that meeting, Ms. Bracy presented testimony to the Board regarding her termination and objected to the decision.

33.     The Board questioned Ms. Bracy about certain individuals that had not been removed from the Village's Health Insurance. Ms. Bracy advised the Board that she had told the Village's Insurance Broker — Otis Gilmore — to remove these individuals on multiple occasions.

34.     Ms. Bracy could not remove the individuals from the Health Insurance and Mr. Gilmore was the only person that could do it.

35.     It was not unusual for Mr. Gilmore not to remove individuals from the insurance in a timely manner and the Village received a credit for all employee's that were not removed in time by Mr. Gilmore.

36.     Both Mr. Willis and Ms. Johnson were aware of this practice by Mr. Gilmore.

37.     On or about February 18, 2014, the Board affirmed Ms. Bracy's termination.

38.     The days relied upon by the Village to support her termination were approved FMLA days and the unsatisfactory job performance was pre-textual.

**DEMAND FOR RELIEF FOR VIOLATIONS OF**
**THE FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 2601 *et seq.*,**

39.     Plaintiff restates and realleges paragraphs 1 through 38 of this Complaint as paragraph 39 of this Demand.

40.     By virtue of the foregoing, Defendants violated 29 U.S.C. § 2601 *et seq.*, the Family and Medical Leave Act, by interfering with, restraining, and/or otherwise discriminating against Plaintiff because Plaintiff exercised her rights under the FMLA.

41.     As a result of these violations, Plaintiff has lost wages, salary, employment and other damages.

42.     Defendant's violations were not in good faith, thereby warranting liquidated damages, including interest.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(1)     Enter judgment in Plaintiff's favor and against Defendant for lost wages, salary, employment benefits, and other compensation, as well as interest on these amounts in the form of back pay and front pay;

(2)     Enter judgment in Plaintiff's favor and against Defendant for an equal amount in liquidated damages;

(3)     Grant such other and further relief as the Court deems just and equitable.

PLAINTIFF REQUESTS A TRIAL BY JURY

Respectfully Submitted,

By:/s/ Walker R. Lawrence

Aaron B. Maduff
Attorney No. 6226932
Walker R. Lawrence
Attorney No. 6296405
Maduff & Maduff, LLC
Michigan Plaza At Illinois Center
205 N. Michigan Ave
Suite 2050
Phone: 312-276-9000